**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES GRIGGS and MAGELINE GRIGGS,
PLAINTIFFS

-vs-

Case No.

HON.

CITY OF DETROIT,
a municipal corporation, and
City of Detroit Police Officers
OFFICER PETER PADRON,
OFFICER BRANDON SHORTRIDGE,
OFFICER BRIAN LAPERRIERE,
SGT. IAN BECKER,
SGT. NATHAN DUDA,
and other UKNOWN OFFICERS
Individually, and in their Official Capacities,
Jointly and Severally,

DEFENDANTS

JURY TRIAL DEMANDED

Marcel S. Benavides P 69562
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(312) 963-5310
benavideslaw@att.net

W. Otis Culpepper P 23520
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(313) 963-5310
staff_culpepper@sbcglobal.net

**COMPLAINT AND JURY DEMAND**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**NOW COME** the PLAINTIFFS, CHARLES GRIGGS and MAGELINE GRIGGS, collectively referred to as “Plaintiffs” by and through their attorneys, **MARCEL S. BENAVIDES and W. OTIS CULPEPPER**, and for their complaint against Defendant CITY OF DETROIT (“Defendant City of Detroit”), and individually against City of Detroit Police

Officers: OFFICER PETER PADRON ("Defendant Officer Padron"), OFFICER BRANDON SHORTRIDGE ("Defendant Officer Shortridge"), OFFICER BRIAN LAPERRIERE ("Defendant Officer Laperriere"), SGT. IAN BECKER ("Defendant Sgt. Becker"), SGT. NATHAN DUDA ("Defendant Sgt. Duda"), and other UKNOWN DEFENDANT OFFICERS, collectively referred to as "Defendant Officers" and state as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of PLAINTIFFS' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. § 1391 (b) as the events giving rise to the claims asserted in this complaint occurred within this District.

**PARTIES**

4. PLAINTIFF, Charles Griggs, is 84 years old and is a resident of the City of Detroit, County of Wayne, State of Michigan.

5. PLAINTIFF, Mageline Griggs, is 63 years old and is a resident of the City of Detroit, County of Wayne, State of Michigan.

6. That Defendant City of Detroit is a municipal corporation located in the County of Wayne, State of Michigan.

7. Defendant Officer Padron was at all relevant times, a City of Detroit Police Officer agent and /or employed by Defendant City of Detroit, and acting under color of law and within the scope of his employment.

8. Defendant Officer Shortridge was at all relevant times, a City of Detroit Police Officer agent and /or employed by Defendant City of Detroit, and acting under color of law and within the scope of his employment.

9. Defendant Officer Laperriere was at all relevant times, a City of Detroit Police Officer agent and /or employed by Defendant City of Detroit, and acting under color of law and within the scope of his employment.

10. Defendant Sgt. Becker was at all relevant times, a City of Detroit Police Officer agent and /or employed by Defendant City of Detroit, and acting under color of law and within the scope of his employment.

11. Defendant Sgt. Duda was at all relevant times, a City of Detroit Police Officer agent and /or employed by Defendant City of Detroit, and acting under color of law and within the scope of his employment.

12. Defendant Unknown Officers, on information and belief, were at all relevant times, City of Detroit Police Officers, agents and /or employed by Defendant City of Detroit, and acting under color of law and within the scope of his/her employment.

13. That Defendant City of Detroit is liable under state and/or federal law for all injuries proximately caused by:

a. Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

## FACTS

14. On or about March 24, 2011, at approximately 12:15 p.m., Charles Griggs and Mageline Griggs were lawfully enjoying the tranquility of their home at 1086 Adeline in the City of Detroit, where they have resided for the past 40 years together.

15. Charles Griggs is the main caregiver for his immobile and partially paralyzed wife, Mageline Griggs, as she is the victim of a stroke and is committed to the assistance of a wheelchair.

16. While sitting in the living room watching television, a loud banging on the front door was heard and the door began to come off the molding.

17. Charles Griggs believed that his home was being invaded by robbers, as he did not hear any warning indicating that members of law enforcement were attempting to break into his home.

18. Within steps of his couch and within dozens of feet from the front door, Charles Griggs was shot multiple times by Defendant Officer Padron, who was accompanied by Defendant Officer Shortridge, Defendant Officer Laperriere, Defendant Sgt. Becker and Defendant Sgt. Duda.

19. Charles Griggs was shot while standing in front of his wife, Mageline Griggs, while she sat helplessly in the living room of their home.

20. Charles Griggs was shot in the left arm by Defendant Officer Padron, whereupon the bullet traveled through his left arm, pierced his chest, fractured his rib and lodging itself into his spine. The bullet fragments permanently remain lodged in his spine causing severe and permanent injury, and pain and suffering.

21. The second bullet fired by Defendant Officer Padron struck Charles Griggs in the left thigh.

22. A third bullet fired by Defendant Officer Padron grazed Charles Griggs in the shoulder causing injury, and pain and suffering.

23. That a fired bullet lodged into the wall within inches and directly above Mageline Griggs' head from where she was seated, almost striking her.

24. That while Plaintiffs acted in a non life-threatening manner to all Defendant Officers, Defendant Officer Padron unlawfully discharged his weapon at Plaintiffs without warning, just cause or imminent threat.

25. That neither Charles Griggs nor Mageline Griggs acted in a manner that would require Defendant Officer Padron to act with deadly force against either of them.

26. At no time did Defendant Officers warn Plaintiffs that they must change their behavior or else deadly force would be used against him.

27. At all relevant times, Defendant Officers disregarded all recognized and correct police procedures.

28. At no point did Defendant Officer or other Unknown Officers knock and announce nor announce themselves as police officers prior to entering the home and shooting into the home.

29. During the course of these events, Defendant Officer Padron did not announce himself as a police officer, yell any commands to either Plaintiff, communicate to either Plaintiff that he was about to engage in the use of deadly force against them if they did not comply with his demand; nor did he ever employ reasonable alternatives including the use of lesser force.

30. That after witnessing her husband being shot multiple times, Mageline Griggs was grabbed with extreme force by Unknown Defendant Officers, taken into custody and

aggressively thrown into confinement in a room at the home and left for an unreasonable amount of time before medical assistance was called to transport her to a hospital for her injuries.

31. As a result of the excessive force used against Mageline Griggs, she sustained a broken collar bone causing her pain, suffering and damages.

32. As a result of the excessive force used against Charles Griggs, he sustained severe and permanent injuries and damages.

33. That United States currency was taken from Charles Griggs' pocket after he was shot multiple times and has yet to be returned by Unknown Defendant Officers. The stolen United States currency was from Charles Griggs' pension payment from the Ford Motor Company where he worked for over 45 years with nearly perfect attendance.

34. That even after being shot multiple times, including in the arm, excessive force was used by Defendant Officer Laperriere against Charles Griggs in that his arms were aggressively manipulated and he was handcuffed extremely too tight, all causing injury, pain and suffering.

35. Defendant Officer Padron falsified reports and provided false testimony to justify his unlawful shooting.

36. To cover up their wrong doing, Defendant Officers and upon information and belief Unknown Defendant Officers, created false and misleading reports, conspiring to give false accounts to explain and/or justify their unlawful conduct and unlawful shooting.

37. That Defendant Sgt. Becker and/or Defendant Sgt. Duda were the on duty supervisors of Defendant Officer Padron, Defendant Officer Shortridge, Defendant Officer Laperriere and other Unknown Defendant Officers at the time of the unlawful shooting.

38. Plaintiffs suffered great conscious pain and suffering as a direct and proximate result of the said acts of the Defendant Officers and the policies/customs/practices of the City of Detroit Police Department. Plaintiffs suffered injuries and damages not limited to the following:

a. Violation of their constitutional rights under the 4th Amendment and 14th Amendment to the United States Constitution including, but not limited to the right to be free from an unreasonable seizure of his person and/or to be free from the unnecessary and excessive use of force;

b. Physical pain and suffering;

c. Emotional trauma and suffering;

d. Loss of wages and/or earning capacity;

e. Any and all damages to be proven at trial.

**COUNT I: §1983 EXCESSIVE FORCE**

39. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-38 as if fully restated here.

40. As more fully described in the preceding paragraphs, the intentional conduct of Defendant Officers and upon information and belief Unknown Defendant Officers toward Plaintiffs was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

41. Upon information and belief, Defendant Officer Padron, Defendant Officer Shortridge, Defendant Officer Laperriere, Defendant Sgt. Becker and Defendant Sgt. Duda and upon information and belief Unknown Defendant Officers were aware of the misconduct of his/her fellow officer(s) with respect to Plaintiffs, had a reasonable opportunity to intervene to prevent it, but failed to do so.

42. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of

life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the Plaintiffs are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT II: §1983 UNLAWFUL SEARCH AND SEIZURE**

43. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-38 as if fully restated here.

44. As more fully described in the preceding paragraphs, Defendant Officers and upon information and belief Unknown Defendant Officers seized and searched Plaintiffs without legal justification, in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

45. Upon information and belief, one or more of the Defendants, including Defendant Officer Padron, Defendant Officer Shortridge, Defendant Officer Laperriere, Defendant Sgt. Becker and Defendant Sgt. Duda and upon information and belief Unknown Defendant Officers, were aware of the misconduct of his/her fellow officers with respect to Plaintiffs, had a reasonable opportunity to intervene to prevent it, but failed to do so.

46. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, in their individual capacities, in whatever amount Plaintiffs are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT III: §1983 FAILURE TO PROVIDE MEDICAL CARE / DELIBERATE INDIFFERNCE TO MAGELINE GRIGGS' MEDICAL NEEDS**

47. PLAINTIFF MAGELINE BRIGGS hereby realleges and incorporates by reference paragraphs 1-38 as if fully restated here.

48. That Defendant Officers and upon information and belief Unknown Defendant Officers knowingly and unreasonably failed to provide medical care to Plaintiff, Mageline Griggs, for serious injuries in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

49. That Defendant Officers and upon information and belief Unknown Defendant Officers were aware of Mageline Griggs' serious medical needs and acted with deliberate indifference to her in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

50. That Defendant Officers and upon information and belief Unknown Defendant Officers were aware of Plaintiff Mageline Griggs' serious medical needs, and demonstrated deliberate indifference by recklessly disregarding a risk of known serious harm to her by making detention decisions for her without consulting a medical professional in violation of the Fourth and Fourteenth Amendments to the United States' Constitution.

51. As a direct and proximate result of said Constitutional violations, Plaintiff Mageline Griggs suffered loss of freedom, mental anguish, pain and suffering, loss of wages,

loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff Mageline Griggs prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount she is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT IV: §1983 CONSPIRACY**

52. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-38 as if fully restated here.

53. Defendant Officers and upon information and belief Unknown Defendant Officers impliedly or expressly conspired and agreed to violate Plaintiffs' constitutional rights and to cover up their own and each others' misconduct, acting in furtherance of this conspiracy as more fully described above.

54. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, in their individual capacities, in whatever amount Plaintiffs are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT V: §1983 SUPERVISORY LIABILITY

55. Plaintiffs hereby allege and incorporate by reference paragraphs 1-38 as if fully restated here.

56. That Defendant Sgt. Becker and Defendant Sgt. Duda, as supervisors of Defendant Officer Padron, Defendant Officer Shortridge, Defendant Officer Laperriere and upon information and belief Unknown Defendant Officers, failed to train, supervise and maintain customs, policies and practices as more fully described above and below.

57. That Defendant Sgt. Becker and Defendant Sgt. Duda, implicitly authorized, approved or knowingly authorized the misconduct as more fully described above and below.

58. That Defendant Sgt. Becker and Defendant Sgt. Duda, as supervisors of Defendant Officer Padron, Defendant Officer Shortridge, Defendant Officer Laperriere and upon information and belief Unknown Defendant Officers, did directly conspire, participate with and encourage the above described unlawful conduct of Defendant Officers and Unknown Defendant Officers.

59. These customs, policies, and/or practices of Defendant City of Detroit and supervising officers, Defendant Sgt. Becker and Defendant Sgt. Duda, included but were not limited to the following:

a. Failed to supervise officers to prevent violations of citizens' constitutional rights;

b. Failed to adequately train and/or supervise officers regarding the proper use of force;

c. Failed to adequately train and/or supervise officers regarding legal search and/or seizures;

d. Failed to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e. Failed to supervise, review, and/or discipline officers whom they knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging officers to engage in such conduct;

f. Failed to require compliance of officers with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

g. Failed to adequately train and/or supervise officers regarding providing proper medical care to protect detainees and/or arrestees;

h. Failed to adequately train and/or supervise officers in the apprehension of and/or care for at risk detainees/arrestees;

i. Failed to adequately train and/or supervise officers in how to apprehend and/or care and/or transport at risk arrestees/detainees;

j. Failed to adequately train and/or supervise officers in the execution of search warrants.

60. Plaintiffs' injuries in this case were proximately caused by policies and practices of supervising officers, Defendant Sgt. Becker and Defendant Sgt. Duda, which by their deliberate indifference, violate and allow police officers to violate the constitutional rights of citizens as stated above without fear of any meaningful punishment and/or reprimand.

61. The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the City of Detroit Police Department and with its' officers. This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

62. The widespread practice described in preceding paragraphs was allowed to flourish because Defendant City of Detroit, Defendant Sgt. Becker and Defendant Sgt. Duda

have declined to implement sufficient hiring, training and/or and legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

63. The widespread practice described in preceding paragraphs was allowed to flourish because Defendant City of Detroit, Defendant Sgt. Becker and Defendant Sgt. Duda have declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight of officers who use excessive force.

64. The policies and practices of Defendant City of Detroit and its supervisory officers, Defendant Sgt. Becker and Defendant Sgt. Duda, directly and proximately led to the injuries Plaintiffs suffered at the hands of Defendant Officers.

65. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant City of Detroit, in whatever amount Plaintiffs are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT VI: §1983 MUNICIPAL LIABILITY / POLICY CLAIM**

66. Plaintiffs hereby allege and incorporate by reference paragraphs 1-38 as if fully restated here.

67. Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiffs.

68. These customs, policies, and/or practices of Defendant City of Detroit included but were not limited to the following:

a. Failed to supervise officers to prevent violations of citizens' constitutional rights;

b. Failed to adequately train and/or supervise officers regarding the proper use of force;

c. Failed to adequately train and/or supervise officers regarding legal search and/or seizures;

d. Failed to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e. Failed to supervise, review, and/or discipline officers whom they knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging officers to engage in such conduct;

f. Failed to require compliance of officers with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

g. Failed to adequately train and/or supervise officers regarding providing proper medical care to protect detainees and/or arrestees;

h. Failed to adequately train and/or supervise officers in the apprehension of and/or care for at risk detainees/arrestees;

i. Failed to adequately train and/or supervise officers in how to apprehend and/or care and/or transport at risk arrestees/detainees;

j. Failed to adequately train and/or supervise officers in the execution of search warrants.

69. Plaintiffs' injuries in this case were proximately caused by policies and practices of Defendant City of Detroit and its officers, which by its deliberate indifference, allows police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment. In this way, Defendant City of Detroit violated Plaintiffs' rights since it created the opportunity for the individually named Defendant Officers to commit the foregoing constitutional violations.

70. The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the City of Detroit Police Department. This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

71. The widespread practice described in preceding paragraphs was allowed to flourish because Defendant City of Detroit has declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

72. The widespread practice described in preceding paragraphs was allowed to flourish because Defendant City of Detroit has declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight of its' officers.

73. The policies and practices of Defendant City of Detroit directly and proximately led to the injuries Plaintiffs suffered at the hands of Defendant Officers.

74. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant City of Detroit, in whatever amount Plaintiff's are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT VII: STATE LAW ASSAULT AND BATTERY**

75. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-38 as if fully restated here.

76. That Defendant Officers and upon information and belief Unknown Defendant Officers, while acting within the scope of their employment, did threaten and/or cause Plaintiff Charles Griggs to be threatened with involuntary, unnecessary, and excessive physical contact, namely the shooting and unlawful touching of Plaintiff Charles Griggs and/or threatening of harm to Charles Griggs as described above and said acts constituting assault and battery upon his person.

77. That said physical contact and/or threat of contact was unnecessary and excessive. Furthermore, said physical contact on Charles Griggs was without legal justification.

78. That Defendant Officers and upon information and belief Unknown Defendant Officers, while acting within the scope of their employment, did threaten and/or cause Plaintiff Mageline Griggs to be threatened with involuntary, unnecessary, and excessive physical contact, namely the shooting at and the unlawful touching of Plaintiff Mageline Griggs and/or threatening of harm to Mageline Griggs as described above and said acts constituting assault and battery upon his person.

79. That said physical contact and/or threat of contact was unnecessary and excessive. Furthermore, said physical contact on Mageline Griggs was without legal justification.

80. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiff's pray for judgment against Defendants, and each of them, in their individual capacities, in whatever amount Plaintiffs are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-38 as if fully restated here.

82. In the manner described more fully above, Defendant Officers engaged in extreme and outrageous conduct.

83. By the use of excessive force and the above stated unlawful conduct of Defendant Officers, Defendant Officers either intended that their conduct would cause severe emotional distress to Plaintiffs or knew that there was a high probability that their conduct would cause severe emotional distress to Plaintiffs.

84. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

85. As a proximate result of this misconduct, undertaken pursuant to the City of Detroit's policy and practice as described above, Plaintiffs suffered injuries including but not limited to severe emotional distress.

86. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, in their individual capacities, in whatever amount Plaintiffs are found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT IX: GROSS NEGLIGENCE AND/OR ENGAGING IN CONDUCT SO RECKLESS AS TO DEMONSTRATE SUBSTANTIAL LACK OF CONCERN FOR WHETHER INJURY RESULTS

87. Plaintiffs hereby reallege and incorporate by reference paragraphs 1-38 as if fully restated here.

88. That at all times, the City of Detroit and Defendant Officers owed duties to the general public, and specifically to Plaintiffs to act reasonably and to perform their duties as police officers properly and adequately so as to monitor arrestees and to avoid unnecessary injuries and death.

89. That City of Detroit and Defendant Officers breached that duty and were grossly negligent in that they exhibited a substantial lack of concern as to whether an injury arose in the following ways, including by not limited to:

a. Failed to supervise officers to prevent violations of citizens' constitutional rights;

b. Failed to adequately train and/or supervise officers regarding the proper use of force;

c. Failed to adequately train and/or supervise officers regarding legal search and/or seizures;

d. Failed to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e. Failed to supervise, review, and/or discipline officers whom they knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging officers to engage in such conduct;

f. Failed to require compliance of officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

g. Failed to adequately train and/or supervise officers regarding providing proper medical care to protect detainees and/or arrestees;

h. Failed to adequately train and/or supervise officers in the apprehension of and/or care for at risk detainees/arrestees;

i. Failed to adequately train and/or supervise officers in how to apprehend and/or care and/or transport at risk arrestees/detainees;

j. Failed to adequately train and/or supervise officers in the execution of search warrants.

90. As a direct and proximate result of said Constitutional violations, Plaintiffs suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, in their individual capacities, in whatever amount Plaintiffs are found to be entitled, in excess of

Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

Respectfully submitted,

By:

/s/ Marcel S. Benavides

Marcel S. Benavides, P69562
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(313) 963-5310
benavideslaw@att.net

/s/ W. Otis Culpepper

W. Otis Culpepper P 23520
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(313) 963-5310
staff_culpepper@sbcglobal.net

Dated: June 3, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES GRIGGS and MAGELINE GRIGGS,

PLAINTIFFS

-vs-

Case No.

HON.

CITY OF DETROIT,
a municipal corporation, and
City of Detroit Police Officers
OFFICER PETER PADRON,
OFFICER BRANDON SHORTRIDGE,
OFFICER BRIAN LAPERRIERE,
SGT. IAN BECKER,
SGT. NATHAN DUDA,
and other UKNOWN OFFICERS
Individually, and in their Official Capacities,
Jointly and Severally,

DEFENDANTS

JURY TRIAL DEMANDED

Marcel S. Benavides P 69562
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(312) 963-5310
benavideslaw@att.net

W. Otis Culpepper P 23520
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(313) 963-5310
staff_culpepper@sbcglobal.net

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**NOW COMES** the PLAINTIFFS, Charles Griggs and Mageline Griggs by and through their attorneys, **MARCEL S. BENAVIDES** and **W. OTIS CULPEPPER**, and demand a trial by jury in this matter.

Respectfully submitted,

By:

/s/ Marcel S. Benavides

Marcel S. Benavides, P69562
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(313) 963-5310
benavideslaw@att.net

/s/ W. Otis Culpepper

W. Otis Culpepper P 23520
Attorney for PLAINTIFFS
615 Griswold St., Suite 1300
Detroit, MI 48226
(313) 963-5310
staff_culpepper@sbcglobal.net

Dated: June 3, 2012